[Civ. No. 2927. First Appellate District, Division One.—December 2, 1919.]

## JOSEPH ROGER, Respondent, v. BERTHOLD STRUVEN, Appellant.

[1] EASEMENTS—SALE OF LOT—REPRESENTATION AS TO ADJOINING PUB-
LIC WAY—ESTOPPEL IN PAIS.—Where before and at the time of
the sale of a city lot the grantor expressly represents to the
grantee that a certain avenue which forms one of the boundaries
of the lot is a public way, and the grantee purchases the lot in
reliance upon that representation, and the deed conveying the prop-
erty describes the same with reference to its relation to that
avenue, an estoppel *in pais* is created by which the grantor can-
not be heard thereafter to say that such avenue is not a public
way or street.

[2] ID.—ACTION TO QUIET TITLE—ENJOYMENT OF EASEMENT BY PLAIN-
TIFF WITHIN FIVE YEARS—CONTRADICTORY EVIDENCE—FINDING—
APPEAL.—In an action to quiet title to a special easement of right
of way, the trial court having concluded, upon contradictory
testimony, that the plaintiff was in the enjoyment of his ease-
ment within five years before the commencement of the action,
that determination will not be interfered with by the appellate
court.

[3] ID.—RESTRAINT FROM INTERFERING WITH PLAINTIFF'S FREE USE
OF AVENUE—CONSTRUCTION OF JUDGMENT.—A judgment in such
action restraining the defendant from maintaining any structures
or obstructions over said avenue or "in any way interfering with
plaintiff's free use thereof" must be construed in relation to the
issues before the court and the finding of the court that the
plaintiff is the "owner in fee of a special easement of right of
way or passage over and upon" the avenue, and under such
judgment the defendant held to be only restrained from inter-
fering with the plaintiff in his enjoyment of the special easement
of right of way over the avenue.

---

1. Actions or suits in which equitable estoppel involving title or
interest in real property is available, note, 49 L. R. A. (N. S.) 775.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fabian D. Brown, Elmer E. Robinson, M. M. Getz and Robinson & Brown for Appellant.

A. P. Dessouslavy and P. A. Bergerot for Respondent.

RICHARDS, J.—This is an appeal by defendant from a judgment quieting plaintiff's title to a special easement of right of way over and upon certain land described in the complaint, declaring certain fences erected thereon by the defendant to be nuisances which the plaintiff is entitled to abate, and forever enjoining the defendant from maintaining or erecting any fences thereon or in any way interfering with the plaintiff's free use thereof.

The complaint alleged that the plaintiff ever since the seventh day of December, 1906, had been the owner of a parcel of land situated in the city and county of San Francisco, conveyed to him by the defendant, and described as follows: "Commencing at the point formed by the intersection of the westerly line of Shotwell street with the southerly line of 26th street, running thence southerly along the westerly line of Shotwell street 97 feet to its intersection with the *northerly line of Serpentine avenue;* thence *along the northerly line of said Serpentine avenue* north 69¾° west 32 feet more or less to a point; thence northerly," etc., under which description the said lot of land had been conveyed to him by the defendant and his wife. Then followed an allegation that on said seventh day of December, 1906, and for many years prior thereto, said Serpentine Avenue was a "traveled way or street," and that the plaintiff was and had been ever since said date the owner in fee of a special easement of right of way or passage over and upon said Serpentine Avenue as the same extends through the block of land of which his said lot forms a part; that prior to the purchase by plaintiff of said lot from the defendant and his wife the defendant stated and represented to him that said portion of Serpentine Avenue was a public street of the city and

county of San Francisco, and said purchase was made by him in reliance upon said representation, and that the building then existing upon said lot extended to the southerly line thereof, and that a door and window of said building opened upon said Serpentine Avenue. The complaint then proceeds to allege that within five years before the commencement of the action the defendant erected a substantial and permanent fence directly across the portion of said Serpentine Avenue extending through the said block immediately adjacent to the southerly line of the plaintiff's lot, the effect of which was to prevent access to said avenue from the plaintiff's said lot, and finally that the defendant claims that the plaintiff has no easement whatsoever in or over any portion of said Serpentine Avenue.

The answer of the defendant denied that Serpentine Avenue was a traveled way or street, or that the plaintiff was the owner of any easement of right of way or passage thereover; and also denied the making of the representations charged, or that the plaintiff purchased the said lot in reliance thereupon. He alleged that the said land described as Serpentine Avenue was his privately owned property and that it had never been a way or street, and that neither plaintiff nor anyone else had ever acquired or become entitled to an easement or any other right therein, either by grant, prescription, usage, or any other means. He further alleged that for a greater period than five years next immediately preceding the commencement of the action he had maintained substantial fences cutting off all access over or upon said Serpentine Avenue; that the same was inaccessible as a passage and that travel could not be had thereover either by persons on foot or by vehicle. As a further and separate defense the defendant alleged that the plaintiff's cause of action was barred by the provisions of sections 318 and 319 of the Code of Civil Procedure. As a third defense he pleaded title to said tract of land constituting Serpentine Avenue by adverse possession and payment of taxes thereon.

The court found in favor of the plaintiff upon the questions as to Serpentine Avenue as described in the complaint being a traveled way or street until February 1, 1916, a short time before the commencement of the action, when the defendant obstructed the same; as to the plaintiff being the owner of a special easement and right of way in and over

said avenue as described; and as to the representations of the defendant by which the plaintiff was induced to purchase his said lot of land. It also found that the obstruction by defendant of said avenue by a substantial fence took place about two months only before the commencement of the action; that the land constituting said Serpentine Avenue as described in the complaint was not the private property of the defendant, and that the defendant had not for a greater period than five years immediately preceding the commencement of the action maintained substantial or permanent fences cutting off access to or over said Serpentine Avenue; that it was not true that said avenue was inaccessible as alleged and could not be traveled either on foot or by vehicle; that the plaintiff's cause of action was not barred by the provisions of either section 318 or section 319 of the Code of Civil Procedure, and that the defendant had not acquired any title to said portion of Serpentine Avenue by adverse possession and payment of taxes.

[1] In support of the appeal it is contended that the evidence is insufficient to sustain the findings and judgment. Under this head the appellant first argues that the only basis of the respondent's right as shown by the evidence is an estoppel arising from the fact that the appellant's deed to the respondent described the lot conveyed as being bounded on one of its sides by Serpentine Avenue. The appellant refers to this as an estoppel by deed, and proceeds to point out that the authorities cited by the respondent have no application to the present case, as they consist in the main of cases in which the grantor describing the property conveyed as being bounded by a given street or way was the owner or had a property interest in the land over which said street or way passed, without which the mere reference in the description to a street or way as one of the boundaries of the property conveyed is not sufficient to create an estoppel. The distinction suggested by the appellant seems to be well founded in the authorities, but the estoppel in the case at bar, as we understand the facts found by the court, is not based upon the mere inclusion of the so-called Serpentine Avenue in the description of plaintiff's lot as conveyed to him by the defendant, but upon the further facts that the defendant before and at the time of the sale of said lot to the plaintiff expressly represented to him that

Serpentine Avenue was a public way, and that the plaintiff purchased said lot in reliance upon said representation. These facts constitute an estoppel *in pais,* by which the defendant cannot now be heard to say that Serpentine Avenue is not a public way or street. (16 Cyc. 680; Id. 722; Pomeroy's Equity Jurisprudence, sec. 804.)

[2] It is next argued by the appellant that the evidence is insufficient to support the findings and judgment, for the reason that the evidence shows that the plaintiff's cause of action was barred by the provisions of sections 318 and 319 of the Code of Civil Procedure, requiring it to appear, in an action arising out of title to real property, that the person prosecuting the action, or his ancestor, predecessor, or grantor, was seised or possessed of the premises in question within five years before the commencement of the action. Under this head the appellant insists that the evidence shows that he inclosed Serpentine Avenue with a fence, which he maintained for more than five years preceding the commencement of the action. On this point it appears from the evidence that the defendant shortly before the commencement of the action did erect a substantial fence cutting off access to that part of Serpentine Avenue concerned in this action, and that he had, prior to that time, placed an obstruction upon said avenue, but not of a character and not maintained with sufficient continuity as to constitute an unequivocal denial of the plaintiff's right of passage. Part of this obstruction was a movable bar, which was frequently removed by persons passing over the so-called avenue and remained out of place for long periods of time, and passage was freely had by such of the public as desired to travel over the *locus* in question; nor, according to the plaintiff's testimony, was his access ever interfered with until the construction of the substantial fence a short time before the institution of the action as found by the court. While there was testimony contradictory of this state of facts, the trial court arrived at its conclusion that the plaintiff was in the enjoyment of his easement within the period prescribed for the commencement of his action, after considering the evidence *pro* and *con,* and such determination will not be interfered with by this court.

[3] The final contention of the appellant is that the findings do not support the judgment. The court found that the

respondent is the "owner in fee of a special easement of right of way or passage over and upon said Serpentine Avenue." By the judgment the appellant is restrained from maintaining any structures or obstructions over said avenue or "in any way interfering with plaintiff's free use thereof." The appellant argues that under this part of the judgment the respondent could use said avenue in ways other than for passage thereover, and that the appellant, irrespective of what property interest he might have in the land over which said avenue passes, is restrained from interfering with the respondent's "free use thereof." But the judgment must be construed in relation to the issues before the court; and when so construed we think no question can arise as to the fact that the appellant is only restrained from interfering with the respondent in his enjoyment of the special easement of right of way over the so-called avenue, of which the trial court decreed him to be the owner.

For the reasons given the judgment is affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 29, 1920.

All the Justices concurred, except Kerrigan, J., *pro tem.*, who was absent.