[Civ. No. 4041.   First Appellate District, Division Two.—November 14, 1921.]

## ALTHEA REAK et al., Copartners, etc., Respondents, v. EMMA BORSI et al., Appellants.

[1] NEGLIGENCE — DEATH IN AUTOMOBILE ACCIDENT — CAPACITY OF OPERATOR OF CAR — CONFLICTING FINDINGS — REVERSAL OF JUDGMENT.—Where in an action for damages for death resulting from an injury sustained in an automobile accident the findings are in hopeless conflict on the issue as to whether or not the operator of the machine was in the employment of her codefendant at the time of the accident, the judgment as to the latter must be reversed.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Affirmed and reversed.

The facts are stated in the opinion of the court.

E. J. Emmons and J. W. Wiley for Appellants.

Foster & Barnhart, Kaye & Siemon and Kaye, Siemon & Abel · for Respondents.

STURTEVANT, J.—Walter Reak, while in the employment of George S. Kaar and Eliza M. Howell, as copartners, was so injured in an automobile accident that he died. Having become liable to his heirs under the Workmen's Compensation Act, the copartners commenced this action, under the provisions of that act, to obtain a judgment in damages against the person causing the accident. The case was tried before the judge of the trial court sitting without a jury, and the plaintiffs were awarded a judgment

against Emma Borsi and George Elliott. The defendants have appealed and have brought up the judgment-roll only. Several attacks are made on the findings. Owing to the conclusion which we have reached as to one of the attacks, we will not discuss the others.

By the very nature of the action it became altogether material to ascertain who operated the car that caused the injury, and in what capacity was the operator acting at the time. The plaintiff alleged "that the defendant Borsi, who was driving the said automobile at said time, was in the employment of the said George Elliott and was driving said automobile for, and on account of, the business or household of the said George Elliott and was engaged in the performance of duties in the due course of such employment." These allegations were denied by the answers of the defendants. The court found that "the said defendant Borsi was not at the time of the accident in the actual employment of the said defendant Elliott." The court did not make a finding on the rest of the allegations quoted from the complaint. The court did, however, make several findings which are wholly without the issues and which will be noticed later. Addressing ourselves to the issues made by the pleadings and the findings thereon, the case is one where a material finding is made in favor of a defendant and, nevertheless, the judgment is awarded against him. Such a judgment is not supported by the findings and cannot stand.

[1] Let us now return to the findings which were made but which did not respond to any issue made by the pleadings and consider them together with those findings which were responsive. Paragraph VIII is as follows: "That the said Cadillac automobile at said time was owned by· the defendant George Elliott, and the defendant Emma Borsi was driving the same with the knowledge and consent of said defendant Elliott and also for and on account of the business of the said Elliott in connection with a garage which was then being operated in the said city of Bakersfield by him. Although the said defendant Borsi was not at the time of the said accident in the actual employment of the said defendant Elliott, yet she had shortly prior thereto been engaged in his employment, and during said time, and also at times immediately prior to the said accident, she

frequently drove and operated upon the public streets of the city of Bakersfield the said automobile of the defendant Elliott with his consent, and at the time of the said accident she was operating the same with the express consent of the said defendant Elliott, and also in the performance of services in and about the carrying on of the said garage business, namely, for the purpose of procuring and delivering to the said garage certain parts or appliances to be used by the workmen in the repair-shop of said garage." It will be noted that the foregoing paragraph finds, (1) that the defendant Borsi was not at the time of the accident in the employment of the defendant Elliott, and (2) that the defendant Borsi was in the employment of Elliott at the time of the accident and acting within the scope of her employment. The two propositions are hopelessly conflicting and the case must for that reason be reversed. (*Zechiel* v. *Los Angeles Gas & Electric Co.*, 183 Cal. 777, 801 [192 Pac. 720, 722].)

It is found that "the defendant Emma Borsi was driving the same with the knowledge and consent of said defendant Elliott." Such fact standing alone is immaterial, because it may have been that Elliott had loaned her his car. It is found that "she was driving the machine for and on account of the business of the said Elliott in connection with the garage which was then being operated in the said city of Bakersfield by him." It will be noted that it is not found that Elliott, or anyone acting under his authority, directed Emma Borsi to so operate the car. It is found that Emma Borsi "had shortly prior thereto been engaged in his employment." This finding is immaterial under any consideration. The question of importance is not what relation had existed between the defendants at some past date, but what relation existed at the moment the accident occurred. It is also found that "she frequently drove and operated upon the public streets of Bakersfield the said automobile of the defendant Elliott with his consent." The criticism last made applies equally to that finding. It is found that "at the time of the said accident she was operating the same with the express consent of the said defendant Elliott." The most that can be said is that this finding vaguely intimates a direction on the part of Elliott but it does not directly so state. Again, it is found that at said

time she was operating the machine "in the performance of services in and about the carrying on of the said garage business, namely, for the purpose of procuring and delivering to said garage certain parts or appliances to be used by the workmen in the repair-shop of said garage," but it is not found in this connection whether she was so acting for and on the request of a workman who had no authority from Elliott, or whether she was so acting upon a request made by Elliott, or made by one having authority from Elliott to make such a request.

No attack is made which even tends to show that the judgment was erroneous as to the defendant Emma Borsi. As to her, the judgment is affirmed. As to the defendant George Elliott, the only attack that has any merit concerns paragraph VIII of the findings. As pointed out above, there is much matter inserted in that paragraph that is immaterial. The findings in that paragraph are material in so far as they respond to the allegations contained in paragraph IV of plaintiffs' second amended complaint, and no further. As to the defendant George Elliott the action is reversed and remanded for the purpose of trying anew the issues made by paragraph IV of plaintiffs' second amended complaint, and thereafter to render such a judgment as may be proper under the facts and the law applicable thereto.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 11, 1922.

All the Justices concurred.