[Civ. No. 5024. Third Appellate District.—June 20, 1934.]

JOHN CAMERON et al., Appellants, v. FEATHER RIVER FOREST HOMES (a Corporation) et al., Respondents.

Seth Millington for Appellants.

George F. Jones for Respondents.

PLUMMER, J.—The defendant Feather River Forest Homes, sued as a corporation, was found by the court to be a copartnership consisting of the defendants George C. Mansfield and Duncan C. McCallum.

The plaintiffs began this action against the defendants to establish their riparian rights to the waters of Berry Creek, a stream arising in the Sierra Nevada Mountains and flowing westerly through the county of Butte; also, to restrain the defendants from maintaining a certain dam erected by the defendants impounding the waters of the said creek.

The record is before us upon the judgment-roll alone, and presents only one question for our consideration, to wit: That the words—"and the plaintiffs and defendants, other than Feather River Forest Homes, are perpetually enjoined and restrained from interfering in any manner with the maintenance of the dam across Berry creek, hereinbefore referred to"—should be stricken from the judgment.

The findings are to the effect that the plaintiffs in the action are all riparian owners to the waters of Berry Creek, and are entitled to the waters thereof in the respective amounts found by the court, which rights are prior to the impounding of any of the waters of Berry Creek by the copartnership doing business under the fictitious name of Feather River Forest Homes.

The answer of the defendant Feather River Forest Homes, a copartnership, sets forth that in 1928 said defendant erected a dam across Berry Creek on real property belonging to the partnership, at a cost of about $25,000; that in the year 1929 this dam was washed out, and thereafter a district was organized, designated as "Road Improvement District No. 1", in Butte County, upon the petition of the corpartnership, and a dam and causeway erected across said Berry Creek, on property belonging to the said copartnership, at a cost of something over $63,000; that by the erection of this dam, in addition to furnishing

a highway across the same, a lake covering about thirty acres in area was created by holding back the waters of said creek, and since said date has been used for boating, fishing, bathing and other uses incidental to the erection of homes on the real property owned by the copartnership; that this dam does not appreciably decrease the flow of the waters of Berry Creek to any material extent, and is made use of for the purposes above mentioned without any pollution of the same.

It is further set forth in the answer that Road Improvement District No. 1 of Butte County is a public agency, and that no protest or complaint was made by any of the plaintiffs against the erection of said dam. The prayer of the answer was to the effect that the plaintiffs take nothing by reason of their action, and that the defendants have such other and further relief as to the court might seem just and equitable.

After finding the erection of the dam by the Feather River Forest Homes, a corporation, and the uses made thereof, the court drew the following conclusions relating to the rights of the Feather River Forest Homes, a corporation, to wit: ''That the defendants, George C. Mansfield and Duncan C. McCallum, doing business as a copartnership under the fictitious name of Feather River Forest Homes, their successors and assigns, are entitled to the judgment of this court permitting them to maintain the dam erected across Berry creek, by 'Road Improvement District No. One of Butte County', in 1931, and thereby to impound the water of Berry Creek so as to create a lake about thirty acres in area to be used by said defendants and the owners of parcels of real property sold to them, being a portion of the real property described in finding XXIV hereof, for boating, fishing, bathing and other proper uses incidental to the occupation of the homes erected on the parcels of real property by the owners thereof, provided, however, that said defendants shall not deplete the flow of Berry Creek to any appreciable or material extent, and shall not pollute same.''

The judgment entered in pursuance of the findings fixes the quantity of water to which the respective plaintiffs were found to be entitled, and concludes as follows: ''That the defendants, George C. Mansfield and Duncan C. McCallum,

doing business as a co-partnership under the fictitious name of Feather River Forest Homes, their heirs or assigns, are permitted to maintain the dam erected across Berry Creek, by 'Road Improvement District No. One, of Butte County', in 1931, and thereby to impound the water of Berry Creek so as to create a lake about thirty acres in area, to be used by said defendants and the owners of parcels of real property sold to them, being a portion of that certain real property situate, lying and being in the County of Butte, State of California, which is more par-ticularly described as follows, to-wit:'' (Here was given a description of the premises),—"for boating, fishing, bathing and other proper uses incidental to the occupation of the homes erected on the parcels of real property by the owners thereof, provided, however, that said defendants shall not deplete the flow of Berry Creek to any appreciable or material extent, and shall not pollute same. It is further ordered, adjudged and decreed that the plaintiffs and the defendants, their heirs, successors or assigns, are, and each of them is perpetually enjoined and restrained from interfering with the property or property rights of every other plaintiff or defendant in this action as hereinbefore set forth, and the plaintiffs and defendants, other than Feather River Forest Homes, are perpetually enjoined and restrained from interfering in any manner with the maintenance of the dam across Berry Creek, hereinbefore referred to.''

On the part of the appellant, as herein stated, it is contended that the words "and the plaintiffs and defendants, other than Feather River Forest Homes, are perpetually enjoined and restrained from interfering in any manner with the maintenance of the dam across Berry Creek, hereinbefore referred to", should be stricken therefrom. The findings of the court do not disclose that any of the plaintiffs have ever attempted to interfere with the maintenance of the dam in question other than by bringing this action. Nor does it appear that any of the plaintiffs threatened to interfere with the maintenance of said dam as found by the court as having been erected by the copartnership across Berry Creek; nor is there anything in the pleadings indicative of such action.

On the part of the copartnership it is contended that the injunction, as worded, has a proper place in the judgment, and cites two cases in support of the contention, to wit: *Roger* v. *Struven,* 44 Cal. App. 528 [186 Pac. 817], and *Fisher* v. *Feige,* 137 Cal. 39 [69 Pac. 618, 92 Am. St. Rep. 77, 59 L. R. A. 333]. Neither of these cases, however, appears to sustain the contention of the copartnership. In the case of *Roger* v. *Struven, supra,* the record shows interference with the rights of the respondent, and in the case of *Fisher* v. *Feige, supra,* the injunction complained of went beyond proper limits, and attempted to bar undoubted rights belonging to the defendant. It does establish the fact that one owning riparian lands along a stream has a right to build a dam across the stream on his own land, provided that thereby he does not appreciably diminish the amount of water which would naturally flow onto the lands of his neighbor below. This statement is made in connection with the uses of the waters of the stream other than as the law permits for strictly riparian purposes.

In support of the contention that the objectionable words in the judgment should be stricken therefrom, plaintiffs cite the cases of *Fairbanks* v. *Macready,* 92 Cal. App. 156 [267 Pac. 716, 268 Pac. 947], and *Reak* v. *Borsi,* 55 Cal. App. 169 [202 Pac. 951]. The first case holds that where there is nothing in the findings to support an injunction, it has no proper place in the judgment. The second case relates to the question of conflicting findings. A reading of the findings and the judgment establishes conclusively that the Feather River Forest Homes copartnership has been accorded all the rights to which it is entitled, in the wording of the judgment preceding the words complained of by the appellants. The copartnership is permitted to maintain the dam erected across Berry Creek so as to create a lake of about thirty acres in area, to be used "for boating, fishing, bathing and other proper uses incidental to the occupancy of the homes erected on the parcels of real property by the owners thereof, provided, however, that said defendants shall not deplete the flow of Berry Creek to any appreciable or material extent, and shall not pollute the same". Then the judgment specifically enjoins all of the parties not to interfere with the rights of any other parties to the action, as follows: "It is further ordered, adjudged

and decreed that the plaintiffs and the defendants, their heirs, successors or assigns, are, and each of them is perpetually enjoined and restrained from interfering with the property or property rights of every other plaintiff or defendant in this action, as hereinbefore set forth." The rights of all of the parties as established by the court are those prohibited from being interfered with by any of the other parties to the action. The remainder of the judgment, if it goes beyond what has just been established, has no place in the record by reason of the fact that there is nothing in the record upon which it can be based. If it does not go beyond the rights fixed by the judgment preceding the objectionable words, it is surplusage. If it goes beyond the rights established by the preceding portion of the judgment then it would include the right of the copartnership to proceed to change the purposes for which the dam is constructed, to make different uses thereof, and prohibit the plaintiffs, or any of them, from bringing any action to restrain such different use.

As the purpose of every judgment should be to limit litigation and clearly establish the rights of the parties as found by the courts to exist, and having done that, nothing should be entered therein either limiting the rights of the parties not involved in the action, or that may arise in the future, or be interfered with hereafter, especially when such language can only be productive of uncertainty or confusion.

It follows that the judgment should be modified by striking therefrom the words "and the plaintiffs and defendants, other than Feather River Forest Homes, are perpetually enjoined and restrained from interfering in any manner with the maintenance of the dam across Berry Creek, hereinbefore referred to".

And it is so ordered.

As so modified the judgment is affirmed.

None of the parties herein are awarded costs.

Thompson, J., and Pullen, P. J., concurred.