[No. F019626. Fifth Dist. May 9, 1995.]

MEIR NAVE, Plaintiff and Appellant, v.
ANNETTE TAGGART et al., Defendants and Respondents.

**COUNSEL**

Richard A. Hofman for Plaintiff and Appellant.

Anderson, Ablon, Lewis & Gale and Farhad Kazemzadeh for Defendants and Respondents.

**OPINION**

**BUCKLEY, J.—**

### PROCEDURAL HISTORY

For purposes of the narrow issue presented on appeal, the genesis of this case began with the trial court's order granting defendants' motion for summary judgment, which order directed defendants to prepare "a formal order." On February 22, 1993, plaintiff filed and noticed a motion for reconsideration. On February 24, the formal order granting summary judgment was filed, and on February 25, judgment upon the order of summary

judgment was entered. On March 4, 1993, defendants mailed notice of entry of judgment and order. Plaintiff's notice of appeal was not filed until May 7, 1993; it specified an appeal from "the Court's ruling as to Defendants' Motion for Summary Judgment."

Thereafter, in this court, respondents (defendants below) filed a motion to dismiss the appeal as being untimely filed. Appellant opposed the motion, asserting that the appeal period had been "tolled" by his filed motion for reconsideration which had never received a ruling.[1] ▇ He contends that he could not appeal during "this time period" and that any 60-day period should be tolled during this "period of confusion."[2]

## Discussion

We begin our discussion by noting that numerous cases have wrestled with the issue of the effect of a motion for reconsideration upon rule 2 of the California Rules of Court,[3] which sets forth the time limit for filing a notice of appeal. The lead case is *Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005 [183 Cal.Rptr. 594] (hereafter *Blue Mountain*). In that case, the court (Fourth District, Division Two) held that a timely motion for reconsideration under Code of Civil Procedure section 1008 should be treated for purposes of rule 3 as a motion for new trial or a motion to vacate.[4] (132 Cal.App.3d at pp. 1009-1010.) As a result, the time for appeal in such circumstances may be extended. However, *Blue Mountain*,

---

[1] In a declaration attached to his response to dismiss appeal, counsel refers to motions for reconsideration filed in April and May which were "mis-calendared" by the court. The record contains no motion for reconsideration other than that filed on February 22.

[2] This court denied the motion to dismiss without prejudice. Thereafter, we sent a letter to counsel requesting additional briefing on the issue of the timeliness of the appeal. No additional briefs were forthcoming.

[3] California Rules of Court, rule 2 provides in pertinent part: *"Except as otherwise provided by Code of Civil Procedure section 870 or other statute or rule 3, a notice of appeal from a judgment shall be filed on or before the earliest of the following dates*: (1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment; (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days after the date of entry of the judgment. For the purposes of this subdivision, a file-stamped copy of the judgment may be used in place of the document entitled 'notice of entry'." (Italics added.)

Rules referred to hereafter are to California Rules of Court.

[4] In pertinent part, rule 3 provides:

"(a) [New trial proceeding] When a valid notice of intention to move for a new trial is served and filed by any party and the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law, but in no event may such notice of appeal be filed later than 180 days after the date of entry of the judgment whether or not the motion for new trial has been determined.

unlike the case presented here, involved a motion for reconsideration of an order not followed by a judgment and was properly brought under Code of Civil Procedure section 1008 on that basis.[5]

Appellant relies primarily on *Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071 [258 Cal.Rptr. 721]. As we shall explain, *Stratton* is both inapposite and based upon a false premise.

First, in *Stratton*, the motion for reconsideration was filed and *heard* prior to entry of judgment,[6] rather than filed and never heard as presented here. Accordingly, rule 2 was applied by the appellate court.

Second, although the court expressly recognized that there was no supervening judgment, it went on to state that had such a judgment been filed, the "court would have been required to apply rule 3(b) to this appeal; the motion for reconsideration would have been deemed directed at the subsequently entered judgment." (*Stratton* v. *First Nat. Life Ins. Co., supra*, 210 Cal.App.3d at p. 1082.) We consider the court's statement to be not only dicta but also without legal support. We can find no legal authority allowing a prejudgment motion to survive a judgment subsequently entered.

In fact, while there is no case expressly holding so, the opposite is nevertheless true for two reasons: one, we construe the subsequent entry of

---

"(b) [Motion to vacate] When a valid notice of intention to move to vacate a judgment or to vacate a judgment and enter another and different judgment is served and filed by any party on any ground within the time in which, under rule 2, a notice of appeal may be filed, or such shorter time as may be prescribed by statute, the time for filing the notice of appeal from the judgment is extended for all parties until the earlier of 30 days after entry of the order denying the motion to vacate; or 90 days after filing the first notice of intention to move to vacate the judgment; or 180 days after entry of the judgment."

[5]We note that it is unlikely that the court which decided *Blue Mountain* would apply rule 3 in the present case, which involved reconsideration of a nonappealable order. In reaffirming the holding of *Blue Mountain*, the court in *Rojes* v. *Riverside General Hospital* (1988) 203 Cal.App.3d 1151 [250 Cal.Rptr. 435] restated its holding by adding language limiting it to reconsideration of an appealable order. (At p. 1159; see also *Passavanti* v. *Williams* (1990) 225 Cal.App.3d 1602, 1605 [275 Cal.Rptr. 887].)

We further note that the *Blue Mountain* court has demonstrated concern for the jurisdictional significance of the entry of judgment and has declined to apply rule 3 to postjudgment motions for reconsideration. (*Passavanti* v. *Williams, supra*, 225 Cal.App.3d at pp. 1606-1608.)

[6]We are puzzled by the reference in the case to "judgments" entered on December 14, 1987, and on March 11, 1988. In its recitation of case history, the court notes that a minute order was issued declaring that defendants were "entitled to summary judgment against plaintiff and FN Life." (210 Cal.App.3d at p. 1077.) The minute order expressly directed defendants to prepare a judgment. Although defendants sent notice of ruling, no judgment was immediately prepared. In fact, it was not until a motion for reconsideration was filed, heard, and denied that a judgment was entered on March 11, 1988. We can only attribute the court's reference to a December 14, 1987, judgment as an oversight. Indeed, later in the opinion, the court refers to the December 14 minute order as an interim ruling.

judgment as an implied denial of the pending motion; two, the concept of a trial court with unlimited power to reconsider its orders even after entry of a judgment, and without any postjudgment request for relief from the judgment, does violence to fundamental principles of jurisdiction as revealed in our statutes and the case law interpreting them. The purpose of a judgment is to limit litigation and clearly establish the rights of the parties found by the court to exist. (*Cameron* v. *Feather River Forest Homes* (1934) 139 Cal.App. 373, 378 [33 P.2d 884].) Of particular importance is the fact that the security of rights of contract, titles to property, and the status of persons rest upon certainty in the finality of judgments occasioned by the lapse of the statutory time for the taking of an appeal. (*Estate of Hanley* (1943) 23 Cal.2d 120, 123-124 [142 P.2d 423, 149 A.L.R. 1250].) Once a trial court makes a decision after regular submission, it has no power to set aside or amend its ruling for judicial error except under appropriate statutory proceedings. (*Estate of Doane* (1964) 62 Cal.2d 68, 71 [41 Cal.Rptr. 165, 396 P.2d 581]; *Stevens* v. *Superior Court* (1936) 7 Cal.2d 110, 112 [59 P.2d 988].)

A judgment is a final determination of the rights of the parties in an action or proceeding. (Code Civ. Proc, §§ 577, 1064.) A judgment is final in this sense when it terminates the litigation between the parties on the merits and leaves nothing in the nature of judicial action to be done (other than questions of enforcement or compliance). (*Doudell* v. *Shoo* (1911) 159 Cal. 448, 453 [114 P. 579]; *Palo Alto-Menlo Park Yellow Cab Co.* v. *Santa Clara County Transit Dist.* (1976) 65 Cal.App.3d 121, 129 [135 Cal.Rptr. 192].) Until entry of judgment, the court retains complete power to change its decision as the court may determine; it may change its conclusions of law or findings of fact. (*Phillips* v. *Phillips* (1953) 41 Cal.2d 869, 874 [264 P.2d 926].) After judgment a trial court cannot correct judicial error except in accordance with statutory proceedings. (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 737 [97 Cal.Rptr. 385, 488 P.2d 953]; *Passavanti* v. *Williams, supra,* 225 Cal.App.3d 1602, 1606.) A motion for reconsideration is not such a motion. (*Passavanti* at p. 1606.)

As explained in *Sommer* v. *Martin* (1921) 55 Cal.App. 603, 610 [204 P. 33]: " 'In the hurry of the trial many things may be, and are, overlooked which would readily have been rectified had attention been called to them. The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it could be too late to obviate them, and the result would be that few judgments would stand the test of an appeal.' "

As appellant was made expressly aware that a formal order and judgment were forthcoming, it was incumbent upon him to apprise the court by his

motion that he was requesting that judgment not be entered, or once judgment was entered, to have timely filed a motion to vacate the judgment. What he could not do was to take no action and rely on this court to beneficently grant relief.

## DISPOSITION

The appeal is dismissed. Costs are awarded to defendants.

Martin, Acting P. J., and Thaxter, J., concurred.