[No. B078776. Second Dist., Div. Three. Oct. 29, 1996.]

JACOB F. RAMON, Plaintiff and Appellant, v.
AEROSPACE CORPORATION, Defendant and Respondent.

**COUNSEL**

James R. Goff for Plaintiff and Appellant.

Quinn, Emanuel, Urquhart & Oliver and Karen A. Rooney for Defendant and Respondent.

**OPINION**

**KITCHING, J.—**

### INTRODUCTION

Appellant Jacob F. Ramon (Ramon) appeals from the grant of summary judgment in favor of respondent The Aerospace Corporation. We hold that Ramon's notice of appeal was not timely filed within 60 days of service of the notice of entry of judgment pursuant to California Rules of Court, rule 2(a)(2).[1] After entry of judgment, a motion for reconsideration pursuant to section 1008 does not extend the rule 2 time period. We dismiss this appeal because it does not satisfy the requirements for appellate jurisdiction.

### APPEALABILITY

Ramon's notice of appeal purports to appeal "from the order entered July 20, 1993[,] reaffirming the granting of defendant's motion for summary judgment on April 29, 1993." The relevant sequence of events is as follows:

March 22, 1993: the trial court granted summary judgment.

March 26, 1993: notice of ruling filed.

April 5, 1993: Ramon moved for reconsideration pursuant to section 1008. The trial court did not rule on this motion.

April 29, 1993: judgment entered and filed.

May 21, 1993: Ramon refiled his motion for reconsideration.

June 10, 1993: notice of entry of judgment filed and served.

July 20, 1993: the trial court granted the motion for reconsideration, but upon reconsideration reaffirmed the grant of summary judgment.

September 16, 1993: Ramon filed a notice of appeal.

Pursuant to Government Code section 68081, this court asked the parties to respond to (1) whether the notice of appeal was properly taken from the July 20, 1993, order reaffirming the grant of summary judgment; and (2)

---

[1]Unless otherwise specified, statutes in this opinion will refer to the Code of Civil Procedure, and rules will refer to the California Rules of Court.

whether, after service of the notice of entry of judgment filed June 10, 1993, a September 16, 1993, notice of appeal was timely.

### TIMELINESS OF THE APPEAL

■ The main issue is whether Ramon filed a timely notice of appeal. Once notice of entry of judgment was served on June 10, 1993, rule 2 required Ramon to file his notice of appeal no later than August 9, 1993. Ramon, however, did not file his notice of appeal until September 16, 1993. He argues that the appeal was timely because his motion for reconsideration extended the time for filing an appeal. We disagree.

*Passavanti* v. *Williams* (1990) 225 Cal.App.3d 1602 [275 Cal.Rptr. 887] specifically addresses this issue. The trial court in *Passavanti*, after granting summary judgment in favor of defendant, entered judgment. Plaintiff was then served with a notice of entry of judgment. Plaintiff thereafter moved for reconsideration pursuant to section 1008, which was denied. The plaintiff filed a notice of appeal within 30 days after the court denied the reconsideration motion, and more than 60 days after service of the notice of entry of judgment. *Passavanti* concluded that ". . . a motion for reconsideration filed after judgment was entered will not extend the time to appeal from the judgment." (225 Cal.App.3d at pp. 1607-1608.)

Ramon's section 1008 motion filed after entry of judgment, and the trial court's July 20, 1993, ruling on that motion, thus had no effect on the period within which rule 2 required Ramon to file his notice of appeal.[2] ■ That is because after entry of judgment, a trial court has no further power to rule on a motion for reconsideration. "A court may reconsider *its* order granting or denying a motion and may even reconsider or alter its judgment so long as judgment has not yet been entered. Once judgment has been entered, however, the court may not reconsider it and loses its *unrestricted* power to change the judgment. It may correct judicial error only through certain limited procedures such as motions for new trial and motions to vacate the judgment." (225 Cal.App.3d at p. 1606.)

In reaching this conclusion, the *Passavanti* court overruled two of its own prior decisions which erroneously allowed a reconsideration motion filed after judgment to extend the time for filing a notice of appeal. (225

---

[2]Rule 2(a) states in part: "[A] notice of appeal from a judgment shall be filed on or before the earliest of the following dates: (1) 60 days after the date of mailing by the clerk of the court of a document entitled 'notice of entry' of judgment; (2) 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal, or by the party filing the notice of appeal; or (3) 180 days after the date of entry of the judgment."

Cal.App.3d at p. 1607, overruling *Dockter* v. *City of Santa Ana* (1968) 261 Cal.App.2d 69 [67 Cal.Rptr. 686] and *Rojes* v. *Riverside General Hospital* (1988) 203 Cal.App.3d 1151 [250 Cal.Rptr. 435].) *Passavanti* distinguished between two kinds of orders. In the first category, final orders are appealable because they are judgments. A second category of orders are appealable— ordinarily because a statute makes them appealable—even though they are not judgments. (*Passavanti* v. *Williams*, *supra*, 225 Cal.App.3d at pp. 1605- 1606.)

*Passavanti* contrasted the invalid filing of a postjudgment reconsideration motion with the situation in *Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005 [183 Cal.Rptr. 594]. A party in *Blue Mountain* moved for reconsideration after the trial court denied its application for a writ of execution. A statute made that denial appealable, but it was not a final judgment. (*Id.* at pp. 1010-1011; former § 690.31, subd. (n).) "Accordingly, a motion for reconsideration was properly brought and did extend the time to appeal from the order until 30 days after the order denying reconsideration." (*Passavanti* v. *Williams*, *supra*, 225 Cal.App.3d at p. 1607, fn. 5.)[3] After entry of judgment, however, the trial court loses its power to rule on a reconsideration motion. Such an invalid motion cannot extend the rule 2 time period within which to file a notice of appeal.

Numerous other cases state that a trial court may only rule on a motion for reconsideration *before* entry of judgment. (*Betz* v. *Pankow* (1993) 16 Cal.App.4th 931, 937-938 [20 Cal.Rptr.2d 841] ["Section 1008 is directed to interim rulings. [Citation.] Thus, a motion for reconsideration may only be considered before final judgment is entered and while the case is still pending in the trial court."]; *Eddy* v. *Sharp* (1988) 199 Cal.App.3d 858, 863, fn. 3 [245 Cal.Rptr. 211] ["A motion for reconsideration may only be considered before the entry of a judgment."]; *Ten Eyck* v. *Industrial Forklifts Co.* (1989) 216 Cal.App.3d 540, 545 [265 Cal.Rptr. 29] [a motion for reconsideration filed after judgment was signed was invalid] *Magallanes* v. *Superior Court* (1985) 167 Cal.App.3d 878, 882 [213 Cal.Rptr. 547] [trial court has power to reconsider an interim ruling so long as no final judgment has been entered and case is still pending before the court].)

A final judgment terminates the litigation between the parties and leaves nothing in the nature of judicial action to be done other than questions of enforcement or compliance. "Until entry of judgment, the court retains

---

[3]*Passavanti* carefully pointed out that although *Blue Mountain* was correctly decided on its facts, it contained misleading language that suggested that a party could file a postjudgment motion for reconsideration; *Passavanti* expressly disapproved this erroneous interpretation of *Blue Mountain*. (*Passavanti* v. *Williams*, *supra*, 225 Cal.App.3d at pp. 1607-1608, fn. 5.)

complete power to change its decision . . . ; it may change its conclusions of law or findings of fact. [Citation.] After judgment a trial court cannot correct judicial error except in accordance with statutory proceedings. [Citations.] A motion for reconsideration is not such a motion." (*Nave* v. *Taggart* (1995) 34 Cal.App.4th 1173, 1177 [40 Cal.Rptr.2d 714].)

 These authorities indicate that the trial court's July 20, 1993, order on Ramon's reconsideration motion was not appealable because the trial court no longer had authority to rule on that motion. Moreover, if the trial court has no power to rule on a reconsideration motion after judgment, such a motion can have no effect on the period within which to file a notice of appeal.[4]

The entry of judgment had other effects. First, because the trial court never ruled on the motion for reconsideration filed April 5, the entry of judgment had the effect of denying that motion by implication. (*Nave* v. *Taggart, supra*, 34 Cal.App.4th at pp. 1176-1177.) Second, following entry of judgment, Ramon should have abandoned the now invalid motion for reconsideration (*Ten Eyck* v. *Industrial Forklifts Co., supra*, 216 Cal.App.3d at p. 545) and attacked the judgment in one of three ways: by a motion for a new trial; by a motion to vacate; or by filing a timely notice of appeal. (*Ibid.*; *Passavanti* v. *Williams, supra*, 225 Cal.App.3d at p. 1606.) The party obtaining a judgment must be entitled to rely on that judgment. After entry of judgment, a party must use statutory methods to attack the judgment in the trial court or must file an appeal, and the party must take those steps within specified time periods.

While *entry* of judgment had these legal effects, *service* of the notice of entry of judgment on June 10, 1993, established the crucial date for determining the timeliness of Ramon's appeal. Service of the notice of entry of

---

[4]Based on *Fryer* v. *Kaiser Foundation Health Plan* (1963) 221 Cal.App.2d 674, 676-677 [34 Cal.Rptr. 688], Ramon argues that the grant of reconsideration was a new judgment that commenced the time period of rule 2. In *Fryer,* plaintiff made a motion to reconsider after entry of a judgment of dismissal. *Fryer* construed a grant of a reconsideration motion, after which the trial court reaffirmed its judgment of dismissal, as a new judgment, which began the rule 2 period for filing a notice of appeal.

We reject this aspect of *Fryer.* Neither authority cited by *Fryer*—section 581d and 3 Witkin, California Procedure (1st ed. 1954) Judgment, section 14, page 1891—supports the proposition that a minute order granting a postjudgment motion for reconsideration caused a judgment previously entered to cease to exist. The *Fryer* opinion did not address whether a grant of a reconsideration motion filed after entry of a judgment was an appealable order. So far as we can determine, no later court has adopted the novel view of *Fryer* as to the effect of a motion to reconsider on a previously entered judgment. Under current law as set forth in *Passavanti* and related cases, a trial court loses power to rule on a motion for reconsideration filed after judgment. Finally, because it gives no date for service of a notice of entry of judgment, *Fryer* does not give enough information to determine whether a timeliness problem would exist under the present version of rule 2.

judgment triggered the 60-day period within which an appellant must file a notice of appeal pursuant to rule 2(a). (*Filipescu* v. *California Housing Finance Agency* (1995) 41 Cal.App.4th 738, 740-741 [48 Cal.Rptr.2d 736]; *Casado* v. *Sedgwick, Detert, Moran & Arnold* (1994) 22 Cal.App.4th 1284, 1285-1286 [27 Cal.Rptr.2d 719]; *Delmonico* v. *Laidlaw Waste Systems, Inc.* (1992) 5 Cal.App.4th 81, 85 [6 Cal.Rptr.2d 599]; cf. *In re Marriage of Carnall* (1989) 216 Cal.App.3d 1010, 1017 [265 Cal.Rptr. 271] [clerk did not mail, and no party served, notice of entry of judgment on appellant, which gave appellant 180 days to file a notice of appeal].)

## CONCLUSION

Ramon did not file his notice of appeal within 60 days of June 10, 1993. In civil cases, timely filing of an appropriate notice of appeal is an absolute prerequisite to the exercise of appellate jurisdiction. (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 670 [125 Cal.Rptr. 757, 542 P.2d 1349].) Failure to file a timely notice requires this court to dismiss the appeal. (*Id.* at p. 674.)

## DISPOSITION

The appeal is dismissed. Parties to bear their own costs on appeal.

Klein, P. J., and Croskey, J., concurred.

A petition for a rehearing was denied November 26, 1996, and appellant's petition for review by the Supreme Court was denied February 19, 1997.