[No. B094459. Second Dist., Div. One. Mar. 26, 1998.]

BRUCE KASPER et al., Plaintiffs and Appellants, v.
CEDARS-SINAI MEDICAL CENTER et al., Defendants and
Respondents.

**COUNSEL**

Ronald M. Takehara for Plaintiffs and Appellants.

Rushfeldt, Shelley & Drake, Kathryn S. M. Mosely, Barbara M. Reardon, O'Flaherty & Belgum, O'Flaherty, Cross, Martinez, Ovando & Hatton, C. Snyder Patin, Robert M. Dato and Stephanie C. Brenan for Defendants and Respondents.

**OPINION**

**VOGEL (Miriam A.), J.**—Bruce Kasper and Nicole Pascale sued Cedars-Sinai Medical Center and Dennis Goldfinger, M.D., for damages. Defendants answered, then moved for summary judgment. On *February 23*, 1995, Defendants' motion was granted and a minute order to that effect was entered. On *March 6,* Plaintiffs filed a motion for reconsideration. On *March 24* (before the reconsideration motion was heard), the trial court signed and entered a judgment in favor of Defendants. On *March 28*, Defendants served notice of entry of the judgment. On *May 30*, the trial court heard and denied Plaintiffs' motion for reconsideration. On *June 23 and June 26* (87 days and 90 days after the March 28 notice of entry of judgment), Plaintiffs separately filed notices of appeal. We have no jurisdiction to consider these untimely appeals.

## DISCUSSION

■ As relevant, rule 2(a), California Rules of Court, provides that "a notice of appeal from a judgment shall be filed on or before . . . 60 days after the date of service of a document entitled 'notice of entry' of judgment by any party upon the party filing the notice of appeal . . . ."[1] Plaintiffs' notices of appeal were filed 87 and 90 days after notice of entry of judgment, 27 and 30 days too late. As a result, we have no jurisdiction to consider these appeals. (*Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1078 [258 Cal.Rptr. 721].) To avoid this result, Plaintiffs point to rule 3(b) and contend their notices of appeal were timely because they were filed within 30 days after the date on which the trial court denied Plaintiffs' motion for reconsideration. Rule 3(b) does not apply to the facts of this case.

When a motion for reconsideration is "filed by any party on any ground within the time in which, under rule 2, a notice of appeal may be filed, or such shorter time as may be prescribed by statute, the time for filing the notice of appeal from the judgment is extended for all parties until the earliest of 30 days after entry of the order denying the motion [for reconsideration]; or 90 days after filing the [motion for reconsideration]; or 180 days after entry of the judgment." (Rule 3(b).) Viewed from one perspective, Plaintiffs' motion for reconsideration of the non-appealable minute order did not trigger rule 3(b) because their motion did not seek reconsideration of an appealable order. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1997) Appealability and Standing to Appeal, ¶¶ 2:241, 2:241.1, p. 2-102.) Viewed differently, the trial court's entry of judgment on March 24 operated as an implied denial of the pending reconsideration motion, triggering the 30-day time period of rule 3(b) and making the notices of appeal 61 and 64 days late rather than 27 and 30 days late. (*Ramon* v. *Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1238 [58 Cal.Rptr.2d 217]; *Nave* v. *Taggart* (1995) 34 Cal.App.4th 1173, 1176-1177 [40 Cal.Rptr.2d 714].)

Plaintiffs' reliance on *Stratton* v. *First Nat. Life Ins. Co., supra,* 210 Cal.App.3d 1071 is misplaced. In *Stratton*—where the motion for reconsideration was heard *before* the judgment was entered —this division held that motions for reconsideration attacking appealable judgments and orders are governed by rule 3(b), and that those attacking interim, nonappealable orders are governed by rule 2. (*Stratton* v. *First Nat. Life Ins. Co., supra,* 210 Cal.App.3d at pp. 1082-1083.) To the extent *Stratton* discusses the rules that might apply where, as here, the motion for reconsideration is heard *after* the

---

[1]All rule references are to the California Rules of Court.

judgment is entered, the commentary is pure dicta.[2] Plaintiffs' reliance on *Ten Eyck* v. *Industrial Forklifts Co.* (1989) 216 Cal.App.3d 540, 545-546 [265 Cal.Rptr. 29], is also misplaced. *Ten Eyck* held that a "valid" motion for reconsideration extends the time for filing a notice of appeal, and that rule 2, not rule 3(b), applied there because the motion for reconsideration filed in that case was untimely.

On the sequence of events presented by this case, the timeliness of the notice of appeal is governed by rule 2, not rule 3(b).

### DISPOSITION

The appeals are dismissed. Defendants are awarded their costs of appeal.

Ortega, Acting P. J., and Masterson, J., concurred.

---

[2]For the reasons stated by our colleagues in the Fifth District, we agree that the *Stratton* dicta is based upon a false premise. (*Nave* v. *Taggart, supra,* 34 Cal.App.4th at pp. 1176-1177.)