Filed 12/13/13  Ada-Saucedo v. Pragmatic Communications Systems CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ALEXA ADA-SAUCEDO, | H038021 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 1-09-CV154573) |
| v. | |
| PRAGMATIC COMMUNICATIONS SYSTEMS, INC., et al, | |
| Defendants and Respondents. | |

Plaintiff Alexa Ada-Saucedo brought this action for breach of contract, sexual harassment, and related claims arising out of her employment at Pragmatic Communications Systems, Inc. (Pragmatic).  After a court trial at which she represented herself, judgment was entered in defendants' favor.  Plaintiff appeals, contending that she was prejudiced by the court's errors in denying her request to postpone the trial, excluding critical evidence, rushing her during trial, and favoring defendants by helping them with their testimony.  Because plaintiff has not established a legal basis for overturning the trial court's verdict, we must affirm the judgment.

*Background*

Plaintiff filed her initial complaint on October 9, 2009, naming Pragmatic; its president, Prasanna Shah; and her supervisor, Eddie Raymundo.  In her first amended complaint, filed February 26, 2010, plaintiff specifically alleged (1) breach of contract

(against Pragmatic); (2) violation of public policies against employment discrimination, retaliation, and wrongful termination;[1] (3) sexual harassment; (4) failure to prevent sexual harassment; (5) retaliation for complaining about employment discrimination and harassment; and (6) intentional infliction of emotional distress.[2]

Plaintiff specifically accused Pragmatic of breaking an oral promise to raise her salary from $12 to $15 an hour after the 90-day probationary period (ending June 10, 2008), to provide health insurance and sales commissions, and to protect her from harassment in the workplace. In addition, plaintiff was not paid for the time she waited outside the office until someone could let her into the building. In the second, third, and fourth causes of action she alleged that Raymundo had sexually harassed her and that Pragmatic and Shah had failed to prevent or end it. In the fifth cause of action, plaintiff alleged retaliation and discrimination against her after she complained about the sexual harassment. Finally, plaintiff asserted that defendants' wrongful conduct—including the act of terminating her in retaliation for "opposing sexual harassment"—had subjected her to severe emotional distress.

Plaintiff had counsel beginning in June 2010, but in early February of 2011, he asked to be relieved as counsel, citing an "irreparable" deterioration of the attorney-client relationship. On March 28, 2011, the court granted the motion over plaintiff's objection, and plaintiff represented herself from that point on.

Trial began on November 28, 2011, following the conclusion of settlement efforts on November 23. Plaintiff testified in her case in chief, as did Raymundo, Shah, and

---

[1] There was no separate cause of action for wrongful termination.

[2] This pleading included an assertion that her privacy was invaded when Raymundo installed a "secret closed circuit camera" to monitor and record her activities at work. Plaintiff did not state a separate cause of action for invasion of privacy, however.

Alex Vashenko, a Pragmatic employee. The defense also called Raymundo and Shah, and both sides rested on November 29.

On December 9, 2011, after receiving defendants' closing trial brief, the court issued a tentative decision, stating only, "Judgment for the Defendants as to all causes of action." On January 5, 2012, plaintiff filed an objection to the ruling, combined with a motion for reconsideration and objection to defendants' closing trial brief. The motion restated the allegations of her complaint and then claimed that defendants had "committed fraud upon the court and Evidence needs to be reviewed more closely." She also stated that she had "new evidence to present and prove fraud upon the Superior Court." That same day the court signed the judgment, which was filed five days later, on January 10, 2012.[3] Plaintiff's timely appeal followed.

*Discussion*[4]

*1. Denial of Continuance*

Plaintiff first contends that the trial court "committed judicial misconduct" and

_____

[3] The trial court apparently lost a document plaintiff filed on January 30, 2012, after judgment had been entered. That document, an "Objection to Judgment" and "Request for Statement of Desicion [*sic*] to Address the Principal Controverted Issues" was marked "Discovered on 1-25-12." Plaintiff does not raise any appellate issues regarding the disposition of this document, however. "It is well settled that entry of judgment divests the trial court of authority to rule on a motion for reconsideration. [Citation.]" (*Safeco Ins. Co. v. Architectural Facades Unlimited, Inc.* (2005) 134 Cal.App.4th 1477, 1482, citing *Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1237–1238.)

[4] Plaintiff continues to represent herself on appeal. This fact does not, however, entitle her to any preferential consideration. "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.) Consequently, it is settled that a party appearing in propria persona "is entitled to the same, but no greater, consideration than other litigants and attorneys . . . [and] is held to the same restrictive rules of procedure as an attorney." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639; *Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.)

violated her right to due process and right to counsel when it denied her request for postponement of trial because she was "not prepared for trial as discovery was not complete, and in addition . . . suffers from severe anxiety and distress because of this case." However, the record of the in-court settlement discussions on November 16 and 23, 2011 discloses no request by plaintiff for a continuance of trial. The only indication that plaintiff felt unprepared to proceed is in the reporter's transcript of the first day of trial, November 28, 2011. The court first asked each party if it was ready to proceed. Plaintiff answered, "Your Honor, I just want to mention to you that over the weekend, I was hit with a horrible virus and I was in bed for several days. And on Thanksgiving, I spent most of the day in bed, and I didn't do anything. And I didn't have a chance to complete my full exhibit list. Because of that, I'm barely recuperating, and I started feeling better yesterday afternoon. . . . And so I wanted you to bear in mind that I still have some remaining conditions, like my throat's still bothering me. I'm—I brought some cough drops for my cough. . . . So I'm willing to continue if you have the patience for me." The court responded, "Sure," and the trial began. Having failed to request a continuance on the record, plaintiff waived any error in the court's determination that both parties were ready to proceed.

*2. Conduct of Trial*

Plaintiff asserts "bias" against her during the trial. She complains that the trial judge, the Honorable Kenneth P. Barnum, was rude to her, pressured and rushed her, interfered with her direct examination, and helped the defense. But plaintiff points us to only one specific instance she regards as misconduct. Plaintiff was examining defendant Shah about his decision to terminate her employment, and she asked him when his letter of termination was written. The following colloquy took place: "Q. Okay. And this letter was written on October 9th; correct? [¶] A. That's what the date says, yes. [¶] Q. But you did not present me with this letter until October 10th? [¶] A. It could have been written late in the evening, late at night. [¶] Q. Right. But I'm asking you, did you

4

give me this letter on October 10th?" The court then interrupted by saying, "All right. I'm not going to take anymore [*sic*] of this. Move the hell along. You've established that he g[a]ve it to [you] on October 10th. You are asking the same question again and again and again. Let's move on."

Defendants acknowledge that the court exhibited some judicial "intemperance" at that point; but they maintain that the judge overall showed "remarkable restraint and patience." We agree. From the beginning of trial Judge Barnum explained what plaintiff needed to do to prove her case, guided her when she had to respond to defense objections (and overruled many), and explained the reasons for evidentiary rulings against her. In any event, this one cited instance of the court's impatience was brief, and it was true that plaintiff had already established the details of the termination, including the events of October 9 and 10, 2008. A trial court has the statutory authority to "provide for the orderly conduct of proceedings before it," to "control in furtherance of justice, the conduct of . . . persons in any manner connected with a judicial proceeding before it," and to "control its process and orders so as to make them conform to law and justice." (Code Civ. Proc., § 128, subd. (a).) Plaintiff has pointed to nothing in the record that discloses any abuse of that authority in the conduct of the trial. On the contrary, Judge Barnum appears to have displayed extraordinary courtesy and patience toward plaintiff in her effort to try her own case. No error is shown.

*3. Exclusion of Exhibits*

Plaintiff briefly asserts that the trial court erred by excluding the deposition testimony of her brother, Javier Saucedo, who was a vendor for Pragmatic. Plaintiff was examining Shah regarding his promises upon hiring her, and she asked him why he had hired her. Shah said that plaintiff's brother had asked him to "help [her] out" and Shah "wanted to be helpful." At that point plaintiff offered three pages of her brother's deposition testimony, and defendants objected. The court explained to plaintiff that the deposition could be used if her brother was unavailable or if she wanted to impeach Shah.

5

Plaintiff represented that Javier was in fact unavailable, because he was often traveling for his job; but she admitted that she had not subpoenaed him. The court excluded the exhibit.

"Trial court rulings on the admissibility of evidence, whether in limine or during trial, are generally reviewed for abuse of discretion." (*Pannu v. Land Rover North America, Inc.* (2011) 191 Cal.App.4th 1298, 1317.) " 'The abuse of discretion standard of review applies to any ruling by a trial court on the admissibility of evidence.' [Citation.] 'Under this standard, a trial court's ruling will not be disturbed, and reversal of the judgment is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' (*Ibid.*)" (*Employers Reinsurance Co. v. Superior Court* (2008) 161 Cal.App.4th 906, 919, quoting *People v. Guerra* (2006) 37 Cal.4th 1067, 1113.) Here plaintiff has failed to support her assertion of error with any argument indicating abuse of discretion in the exclusion of Javier Saucedo's deposition testimony.

We likewise must reject the equally brief assertion of error in the exclusion of "Subpoena information from Victoria's Secret." Plaintiff had sought admission of a subpoena to the Victoria's Secret company, but the exhibit included a product coupon plaintiff apparently wanted to use to establish that Raymundo had shown her the coupon in a suggestive way that constituted sexual harassment.[5] Defendants objected that the coupon itself could not have been the same one shown to plaintiff and that there was no verification of service on or any response from Victoria's Secret. Again plaintiff offers no argument directed at the court's discretionary ruling, nor is any error apparent in the reporter's transcript of the proceeding.

_____

[5] In his testimony Raymundo admitted that he offered plaintiff the coupon, which he said was attached to a magazine or catalogue; but when plaintiff declined, he threw it in the trash.

*4. Post-Trial Motions*

In similarly vague fashion, without accompanying argument, plaintiff complains that the court "never hear[d] or read" her motion for reconsideration. There is no evidence supporting this statement. The ensuing judgment itself served as a denial of the motion "by implication"; no explanation of the court's reasons was required. (*Ramon v. Aerospace Corp., supra,* 50 Cal.App.4th at p. 1238; see also *Nave v. Taggart* (1995) 34 Cal.App.4th 1173, 1176-1177 [entry of judgment construed as implied denial of the pending reconsideration motion].) Plaintiff does not provide argument indicating that the court abused its discretion in rejecting either her reconsideration motion or her request in that motion to present additional evidence. (See *Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4th 860, 886 [showing of "clear abuse" of discretion required to overturn denial of motion to reopen case for further evidence].)

*Conclusion*

Plaintiff has shown no legal basis for overturning the adverse judgment entered on her first amended complaint. The court heard all the admissible evidence she had to present and found it insufficient to establish her claims. We therefore need not address defendants' extensive discussion of substantial evidence supporting the verdict on each cause of action. Not only has plaintiff not offered any appellate argument regarding the sufficiency of the evidence, but substantial evidence review is irrelevant in these procedural circumstances. As we have previously explained, "this test is typically implicated when a defendant contends that the plaintiff succeeded at trial in spite of insufficient evidence. In the case where the trier of fact has expressly or implicitly concluded that the party with the burden of proof did not carry the burden and that party appeals, it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment." (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1528; accord, *Valero v. Board of Retirement of Tulare County Employees' Retirement Assn.* (2012) 205 Cal.App.4th 960, 966.) Here plaintiff simply failed to convince the trier of

7

fact that defendants were liable for breach of contract and the other claims arising out of her employment at Pragmatic. She has not argued on appeal that the evidence compels a finding in her favor as a matter of law, and there is nothing in the record to permit us to make such a determination even if she had raised the issue. Reversal is not required.

*Disposition*

The judgment is affirmed.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.