Filed 1/12/22  Dilday v. Jones CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RUSSELL DILDAY et al., | F077682 |
| Plaintiffs, Cross-defendants and Respondents, | (Super. Ct. No. PCU261738) |
| v. | |
| MIKAL JONES et al., | **OPINION** |
| Defendants, Cross-complainants and Appellants; | |
| PLEASANT VALLEY CANAL COMPANY, | |
| Cross-defendant and Respondent. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Glade F. Roper, Judge.

Romaine Lokhandwala Law Group, William A. Romaine and Zishan Lokhandwala for Defendants, Cross-complainants and Appellants.

---

[*]        Before Franson, Acting P. J., Peña, J. and De Santos, J.

Krase, Bailey, Reed-Krase and Alexander Reed-Krase; Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball and Catherine E. Bennett for Plaintiffs, Cross-defendants, and Respondents Russell Dilday, Tanna Dilday, and Mary Ann Ferrero.

Kahn, Soares & Conway, Jennifer E. Dunne and David W. Kahn for Cross-defendant and Respondent Pleasant Valley Canal Company.

-ooOoo-

This litigation arises from a dispute over an easement for a water pipe running from a canal located on defendants' property to plaintiffs' property. After a court trial, plaintiffs were awarded a prescriptive easement, actual damages, and punitive damages. The threshold issue, which is dispositive, is whether defendants' appeal is timely. The notice of appeal was filed 79 days after plaintiffs served a notice of entry of judgment, not within the 60 days specified by California Rules of Court, rule 8.104(a)(1)(B).[1] Defendants filed a motion to reconsider after the final judgment, but such a motion does not extend the time to appeal. (Rule 8.108(e); see *Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1236 (*Ramon*) [motion to reconsider filed after the judgment was entered does not extend the time to appeal from the judgment].) Also, our review of the record showed the final judgment remained in effect from the time it was filed. The judgment was never revoked, vacated or modified, even though the trial court purportedly granted the motion to reconsider and heard argument on defendants' objections to the tentative statement of decision.

Therefore, the appeal was filed late and must be dismissed. (Rule 8.104(b).)

**FACTS**

The plaintiffs in this action are Mary Ann Ferrero, Tanna Dilday, and Russell Dilday. Tanna is Ferrero's daughter and Tanna and Russell are married.

---

[1] Subsequent references to a numbered "Rule" are to the California Rules of Court.

The defendants and cross-complainants are Mikal Alex Jones, his spouse Angela Anderson, and Bi-Rite Auto Transport, Inc., a California corporation (Bi-Rite). The corporate shares of Bi-Rite are owned by a family trust established by Jones's grandparents. At the time of trial, Jones was the trustee and sole beneficiary of the trust and held all the corporate offices of Bi-Rite, except the office of corporate secretary held by Anderson.

The cross-defendants are plaintiffs and Pleasant Valley Canal Company, a California corporation ("Canal Company"). Canal Company's predecessor was organized in 1888. Canal Company is a mutual water company formed on December 19, 1924, with the issuance of 150 shares. Canal Company delivers water to its shareholders using a canal or ditch that is eight miles long.

The facts defining the parties' real estate and water rights are not material to our decision that the appeal was filed late. Therefore, those rights and the events related to the parties' tort claims are not described in this opinion. (See Cal. Const., art. VI, § 14 [appellate decisions "shall be in writing with reasons stated"].)

### PROCEEDINGS

In July 2015, shortly after an altercation between Jones and Russell Dilday, plaintiffs filed this lawsuit. In October 2015, plaintiffs filed a first amended complaint against defendants to establish a pipeline easement, to quiet title in a roadway easement, and to recover actual and punitive damages.

The court trial began in October 2016 and, after continuances, the last witness testified in May 2017. Closing arguments were presented in writing. In October 2017, the trial court issued a tentative statement of decision. Defendants filed objections to the tentative statement of decision and then filed a bankruptcy petition that stayed this lawsuit. Plaintiffs obtained relief from the bankruptcy stay and proceedings in this lawsuit resumed.

3.

The hearing on defendants' objections to the tentative statement of decision was reset for February 21, 2018. On the morning of the hearing, defendants' attorney was not present when the matter was called and he had not notified the court or opposing counsel that he would be late. The court called the matter, overruled all of defendants' objections, adopted its tentative statement of decision as the statement of decision, and issued formal judgment. Subsequently, defendants' attorney arrived at the courtroom and was informed of the court's actions.

*Final Judgment*

On February 26, 2018, the "FINAL JUDGMENT" was filed. It granted plaintiffs a ten-foot-wide prescriptive pipeline easement centered along the buried water pipe that ran from the edge of the Dildays' parcel across the property owned by Bi-Rite to a weir connected to the canal. The judgment also awarded Ferrero actual damages of $19,513.37 and punitive damages of $97,576.85 against all defendants for interfering with the pipeline; declared plaintiffs had a roadway easement to access the Dilday property and quieted their title to that easement against any adverse claims by defendants; awarded plaintiffs $50,000 in punitive damages against Jones and Bi-Rite for willful and malicious injury caused by their interference with the roadway; denied plaintiffs' claim of damages for loss of a sale of the Dilday property; and awarded actual and punitive damages against Jones for intentional infliction of emotional distress. The judgment rejected defendants' affirmative defenses, denied their causes of action against Canal Company for trespass and waste, denied Jones' claims against Russell Dilday for assault and battery, and denied defendants' cause of action against Russell Dilday and Ferrero for trespass. The judgment denied all requests for attorney fees.

On March 6, 2018, plaintiffs' attorney served and filed a notice of entry of judgment that attached a file-stamped copy of the final judgment filed on February 26, 2018. The act of serving and filing the notice of entry of judgment triggered a 60-day

4.

period to appeal from the judgment.  (See Rule 8.104(a)(1)(B).)  The 60-day period expired on Monday, May 7, 2018.

*Motion after Judgment*

On March 8, 2018, Defendants filed a "MOTION TO RECONSIDER/RELIEF FROM DEFAULT."  The stated grounds for the motion were "that due to inadvertence of counsel, the judgment was entered against these moving defendants in the absence of argument [on defendants' objections to the tentative statement of decision] and further, that new or different facts would have been presented at the hearing on those objections to compel a result different from the judgment hereinabove entered."  The attorney's declaration supporting the motion stated that heavy traffic had caused him to be about 10 minutes late for the hearing scheduled at 8:30 a.m. on February 21, 2018, and that when he arrived in the courtroom he was advised the case had been called twice and the court, not having been notified of counsel's delay, concluded the hearing and adopted the tentative statement of decision.  The declaration also described newly discovered evidence in the form of a "Notice of Consent to Use of Land" relating to the real property on which the canal was located and stated the notice had been recorded by the Office of the Recorder of Tulare County on October 18, 2010.  The declaration asserted a proof of service showed the notice had been served on plaintiffs.

On April 12, 2018, the motion was argued to the trial court.  On April 23, 2018, the court filed a "Ruling on Defendants' Motion for Relief from Default and for Reconsideration," which stated:

> "It would be manifestly unjust to deprive Defendants of the right to argue their objections simply because their attorney got inadvertently caught in traffic.  The Court has the authority under Code of Civil Procedure §473(b) to grant relief from an order or judgment 'upon any terms as may be just.'  Accordingly, the Court will hold a hearing May 8, 2018 to allow Defendants to argue their objections to the Proposed Tentative Decision and Motion for Reconsideration."

The ruling also directed defendants' attorney to pay $750 each to the attorney for plaintiffs and the attorney for Canal Company who had attended the February 21, 2018 hearing and stated that if the amount was not paid three days before the scheduled hearing, the motions for relief and reconsideration would be denied and the hearing taken off calendar.

On May 8, 2018, the hearing was held as scheduled. On May 10, 2018, the trial court filed a "Ruling on Defendants' Objections to Proposed Tentative Decision and Statement of Decision and Motion to Reconsider." The court's ruling addressed 15 objections raised by defendants, denied a proposed modification on the ground there was not credible evidence that Jones acted in self-defense during the July 14, 2015 altercation with Russell Dilday, and analyzed the "Notice of Consent to Use of Land" presented as the basis for the motion to reconsider. The court determined it would be procedurally unfair to reopen the evidence when defendants were aware of the notice of consent and had chosen not to present it as evidence during the trial. The court also gave three reasons why the notice of consent, if admitted, would not change the outcome. As a result, the court stated: "The request to modify, amend or revoke the judgment and Proposed Statement of Decision or reopen the trial because of the discovery of the Consent to Land Use is denied." The ruling's concluding paragraph stated:

> "The Court has modified that Proposed Statement of Decision as set forth above. None of the modifications change or alter the Judgment. The Court has issued its final Statement of Decision this date. *The Final Judgment issued February 26, 2018 will remain the judgment of the Court*." (Italics added.)

As described in the foregoing paragraph, the trial court also filed a 33-page "Statement of Decision After Court Trial" on the same day as its ruling on defendants' motion.

6.

*Notice of Appeal*

On May 24, 2018—that is, 79 days after the notice of entry of judgment was served and filed—defendants filed a notice of appeal stating they appealed "from the final judgment entered in said action on May 10, 2018 and all orders, rulings, and decisions made by the court prior to the entry of said judgment."

In June 2019, defendants notified this court that Jones had filed a bankruptcy petition and asserted the automatic bankruptcy stay applied to this appeal. In July 2019, this court issued an order staying the appeal as to all parties and requiring periodic status reports. In October 2019, this court vacated its stay and set a date for filing the appellants' opening brief.

## DISCUSSION

### I. LEGAL PRINCIPLES DEFINING TIMELINESS OF AN APPEAL

The appeal process is initiated by filing a notice of appeal in the superior court. (Rule 8.100(a)(1); Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2021) ¶ 3:1, p. 3–1.) Pursuant to Rule 8.104, the notice of appeal must be filed before the earliest of (1) 60 days after the superior court clerk serves a notice of entry of judgment or a file-stamped copy of the judgment; (2) 60 days after a party files and serves a notice of entry of judgment or a file-stamped copy of the judgment on the person filing the notice of appeal; or (3) 180 days after entry of judgment. (Rule 8.104(a)(1)(A)–(C).) These deadlines are subject to statutory exceptions and the extensions of time set forth in Rule 8.108. (Rule 8.104(a)(1).) Under Rule 8.108, extensions result from valid motions (1) for new trial, (2) to vacate the judgment, (3) for judgment notwithstanding the verdict, and (4) to reconsider an appealable order. (Rule 8.108(b)–(e); see Code Civ. Proc., §§ 629 [judgment notwithstanding verdict], 657 [new trial], 663 [vacate], 1008 [reconsider].)

"The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services*, *Inc. v. Customized Worldwide Weather Ins. Agency*, *Inc*. (1997) 15 Cal.4th 51, 56.) Rule 8.104(b) states that "[i]f a notice of appeal is filed late, the reviewing court must dismiss the appeal." Absent a public emergency, superior courts and appellate courts have no authority to grant extensions of time to file a notice of appeal. (Rule 8.104(b); see Rule 8.66.) We noted the unforgiving nature of these principles in *Baker v. Castaldi* (2015) 235 Cal.App.4th 218, stating the deadlines for filing a notice of appeal "are jurisdictional and will bar an appeal even where the trial court has arguably led a litigant astray." (*Id.* at p. 224, fn. 21.)[2]

Untimely appeals do not confer jurisdiction on the appellate court and, as a result, appellate courts have a duty to "raise the point sua sponte." (*Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 849.) The California Rules of Court impose requirements on appellants that assist the reviewing court in fulfilling their sua sponte duty to determine whether an appeal was filed late. First, appellants must file a completed civil case information statement on mandatory Judicial Council form APP-004 and attach "a copy of the judgment … that shows the date it was entered." (Rule 8.100(g)(1).) Second, the appellant's opening brief, which must "[s]tate that the judgment appealed from is final." (Rule 8.204(a)(2)(B).)

II.     THE APPEAL WAS FILED LATE

A.      Contentions of the Parties

Part I.B. of Judicial Counsel form APP-004 addresses the timeliness of the appeal by asking appellant to provide the date of entry of the judgment appealed from, the date a

---

[2]     The same principles apply in federal court. The United States Supreme Court has made it "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," and it "has no authority to create equitable exceptions to jurisdictional requirements." (*Bowles v. Russell* (2007) 551 U.S. 205, 214.)

notice of entry of judgment was served, and whether "a motion for new trial, for judgment notwithstanding the verdict, for reconsideration, or to vacate the judgment [was] made and denied." Defendants' civil case information statement asserted the date of entry of the judgment appealed from was "2/26/2018" and answered "yes" to the question about motions. It also stated the motion was filed on March 8, 2018, the motion was denied on May 10, 2018, and the denial was served on May 10, 2018.

Defendants addressed the timeliness of their appeal in their opening brief's statement of appealability, asserting:

> "The judgment entered pursuant to the Superior Court's order granting judgment in favor of Plaintiffs on February 26, 2018 set aside by its order of April 23, 2018 and reinstated by its order of May 10, 2018, is an appealable final judgment in accordance with the provisions of Code of Civil Procedure sections 904.1 and 906."

Under this view of procedural events, defendants imply that the time for filing an appeal was reset on May 10, 2018, when the judgment was, in their view, "reinstated" by the court's order.

The question of the timeliness of defendants' appeal was raised by plaintiffs in their respondents' brief. Plaintiffs contend defendants' notice of appeal was filed late and, therefore, this court lacks jurisdiction and must dismiss the appeal. (Rule 8.104(b) ["If a notice of appeal is filed late, the reviewing court must dismiss the appeal"].)

Defendants' reply brief does not address plaintiffs' arguments about the untimeliness of the appeal. As a result, that brief did not address any of the case law discussing the legal effect of a motion to reconsider filed after the judgment is entered. Also, their reply brief did not address the legal principles applicable to an appellate court's interpretation of a trial court's orders and judgment.

Despite the lack of argument and citation to authority in the appellants' reply brief, we interpret the contents of defendants' civil case information statement and their opening brief as presenting two grounds for concluding the appeal was timely filed.

9.

First, the February 26, 2018 judgment was vacated and subsequently reinstated and, as a result, the time period for filing the appeal ran from the date of reinstatement. Second, the motion filed on March 10, 2018, extended the time for filing an appeal from the judgment filed on February 26, 2018. We reject both grounds and conclude the appeal was filed late.

  B.  <u>The Final Judgment Was Not Vacated and Reinstated</u>

Defendants' contention that the February 26, 2018 judgment was vacated and subsequently reinstated requires us to interpret the orders of the trial court filed after the judgment was filed. It is well established that when an appellate court must determine the meaning of an order or judgment, it applies the same rules used in ascertaining the meaning of any other writing. (*Mendly v. County of Los Angeles* (1994) 23 Cal.App.4th 1193, 1205; *Verner v. Verner* (1978) 77 Cal.App.3d 718, 724.) Interpreting the orders presents a question of law subject to our independent evaluation. (*Mendly*, *supra*, at p. 1205.)

Our interpretive process begins by addressing whether the trial court's postjudgment orders are ambiguous on the question of their legal effect on the February 26, 2018 judgment. (See *Estate of Careaga* (1964) 61 Cal.2d 471, 475–476 [generally, where language is clear and explicit, it governs the interpretation of the writing]; *Verner*, *supra*, 77 Cal.App.3d at p. 724 [where a judgment is ambiguous, courts may examine the entire record to determine its meaning].)

As described below, our review of the language in the orders filed on April 23, 2018, and May 10, 2018, and the surrounding circumstances leads us to conclude the language in those orders is not ambiguous. Those orders are not reasonably susceptible to being interpreted to mean the trial court revoked, vacated or suspended the February 26, 2018 judgment.

The April 23, 2018 order stated (1) it would be unjust to deprive defendants of the right to argue their objections to the tentative statement of decision; (2) the trial court had the authority under Code of Civil Procedure section 473, subdivision (b) to grant relief from an order or judgment upon any terms as might be just; and (3) the court would hold a hearing on May 8, 2018, to allow defendants to argue their objections. Thus, the only relief granted was to allow defendants to argue their objections. The order referred to the fact that the court had "issued formal judgment," but did not state the judgment was impacted in any way by the grant of a hearing. Thus, the order cannot be interpreted to mean the judgment had been revoked, vacated or suspended.

The May 10, 2018 order plainly states that defendants' "request to modify, amend or revoke the judgment … is denied." This language necessarily implies that the judgment was in effect when the order was filed. This implication was confirmed by the next and final paragraph of the May 20, 2018 order, which states none of the modifications to the statement of decision "change or alter the Judgment" and "[t]he Final Judgment issued February 26, 2018 will remain the judgment of the Court." The reference to the absence of changes or alterations to the judgment and the words "will remain the judgment" plainly signify that the judgment continued in effect since it was filed on February 26, 2018, and was not modified or changed based on the arguments presented at the May 8, 2018 hearing.[3]

To summarize, the text of the April 23, 2018 order and May 10, 2018 order unambiguously establishes that the final judgment filed on February 26, 2018, was not

---

[3] If the judgment had been modified and if the modification had been substantial, the appeal period would have been restarted on the date the modified judgment was filed. (See *Sanchez v. Strickland* (2011) 200 Cal.App.4th 758, 765 [substantial modification test determines whether amendment to judgment restarts the period for filing a notice of appeal]; *CC–California Plaza Associates v. Paller & Goldstein* (1996) 51 Cal.App.4th 1042, 1048 [substantial modification to a judgment starts a new appeal period that runs from the amended judgment].) However, there were no modifications in this case, substantial or otherwise.

11.

revoked, vacated or suspended and, therefore, that it remained in effect from the date it was filed.  Consequently, we reject the argument that defendants' appeal was timely because the final judgment had been revoked and was reinstated by the May 10, 2018 order.

C.      Defendants' Motion Did Not Extend the Appeal Period

Next, we consider whether the "MOTION TO RECONSIDER/RELIEF FROM DEFAULT" that defendants filed on March 8, 2018, extended the time to appeal.  Rule 8.108 identifies certain motions that extend the time to appeal.  Motions for relief from default are not mentioned, but motions to reconsider are addressed:

> "If any party serves and files a valid motion to reconsider *an appealable order* under Code of Civil Procedure section 1008, subdivision (a), the time to appeal from that order is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed; or [¶] (3) 180 days after entry of the appealable order."  (Rule 8.108(e), italics added.)

The text plainly states that the motion to reconsider must relate to "an appealable order."  (Rule 8.108(e).)  Based on this text and existing case law, one practice guide states:  "A purported motion for 'reconsideration' of a *judgment* will *not* extend to time for appeal from the judgment."  (Eisenberg, Cal. Practice Guide: Civil Appeals and Writs, *supra*, ¶3:94.7, p. 3–46.)  As support, the practice guide cited several cases, including *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602 (*Passavanti*), which states:

> "A court may reconsider its order granting or denying a motion and *may even reconsider or alter its judgment so long as judgment has not yet been entered*.  Once judgment has been entered, however, the court may not reconsider it and loses its unrestricted power to change the judgment.  It may correct judicial error only through certain limited procedures such as motions for new trial and motions to vacate the judgment."  (*Id*. at p. 1606, italics added; see *Ramon, supra,* 50 Cal.App.4th at p. 1236 [motion to reconsider filed after the judgment was entered does not extend the time to appeal from the judgment].)

In view of the trial court's April 23, 2018 order granted a hearing on defendants' motion, we note that the practice guide addressed the effect of granting a hearing on a motion to reconsider:

> "The trial court's mere *grant of a hearing* on a motion to reconsider an appealable order does not have the effect of vacating the order so as to cancel the running of the period within which to appeal.  Thus, in such a case, the time to appeal the order begins to run from the date of its entry." (Eisenberg, Cal. Practice Guide: Civil Appeals and Writs, *supra*, ¶3:94.9, p. 3–47.)

Based on the text of Rule 8.108(e) that refers to a valid motion to reconsider an appealable order and the principles set forth in *Ramon* and *Passavanti*, we conclude that defendants' "MOTION TO RECONSIDER/RELIEF FROM DEFAULT" did not extend the time to appeal from the February 26, 2018 final judgment.  Therefore, defendants' notice of appeal filed 79 days after the notice of entry of judgment was served and filed was late and we lack the jurisdiction to consider the merits of the appeal.

## DISPOSITION

The appeal is dismissed.  Plaintiffs and Canal Company shall recover their costs on appeal.