Filed 1/17/23  Wang v. Xu CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

<table>
<tr><td>ZHENG WANG et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>ZHAOHUI XU, Executor,<br><br>Defendant and Respondent.</td><td>B309283<br><br>(Los Angeles County Super. Ct. No. BC696119)</td></tr>
</table>

APPEAL from a judgment of the Superior Court of Los Angeles County, Dennis J. Landin, Judge.  Dismissed.

Gipson Hoffman & Pancione, Kenneth I. Sidle, and Jason Wallach; James A. Frechter for Plaintiffs and Appellants.

Michaelman & Robinson, Jeffrey B. Farrow, Reuben A. Ginsburg, and Samantha Drysdale for Defendant and Respondent.

Plaintiffs and appellants Zheng Wang and China General Aviation, LLC (collectively, plaintiffs) filed a notice purporting to appeal from a handful of trial court orders, including an order granting a motion to dismiss the case on forum non conveniens grounds. Zhaohui Xu (Xu), as executor of the estate of Wei Chen (Chen), moved to dismiss the appeal, arguing the notice of appeal was untimely. We agree the notice was untimely as to the final judgment, conclude the remaining orders are not independently appealable, and therefore dismiss the appeal.

## I.  BACKGROUND

### A.  *The Complaint and Early Proceedings*

In March 2018, plaintiffs filed a complaint against Chen alleging ten causes of action including fraud, breach of contract, and intentional interference with contract. The dispute centered around a contest promoted by Chen:[1] he allegedly promised to pay the first Chinese woman to complete a flight around the world a prize of one million Chinese yuan. The gist of plaintiffs' complaint was that Wang won the contest but Chen did not pay the prize.

Chen initially failed to respond to the complaint, and default was entered against him. Prior to the entry of a default judgment, however, Chen moved to set aside the default and the trial court granted the motion.

Chen then filed a motion to dismiss the case on forum non conveniens grounds. The trial court denied the motion without

---

[1]    The contest was also promoted by the Aircraft Owners and Pilots Association of China.

2

prejudice.[2]  As part of its rationale for denying the motion, the court stated Chen had not stipulated to waive the statute of limitations defense in China; the court indicated that if Chen were to so stipulate, the court would be inclined to grant the motion.

### B.    The Trial Court Grants Dismissal

Chen died in an aviation accident in December 2018.  Xu, as executor of Chen's estate, was substituted in as his successor in interest.  Xu filed another forum non conveniens motion to dismiss the case, or, in the alternative, to stay the case until litigation proceeded in China.  In support of that motion, Xu filed a declaration submitting to jurisdiction in China for the allegations in the complaint, agreeing to accept service of any complaint filed in China regarding the same allegations, and agreeing to waive the statute of limitations defense in China for a year following the date of the declaration.  Wang opposed the motion.

On August 24, 2020, the trial court granted the motion to dismiss on forum non conveniens grounds in a signed, file-stamped order.  The court found China was a suitable alternative forum and both the private and public interest factors indicated the action would be best litigated in China.  In addition to the signed order, the court also issued an unsigned minute order that incorporated the signed order's analysis and stated the motion to dismiss was granted and the complaint dismissed with prejudice.

---

[2]    Chen also filed a motion to quash the service of the summons, which the trial court denied as well.

On August 27, 2020, Xu filed a "Notice of Ruling on Defendant's Motion to Dismiss for Forum Non Conveniens." The notice attached the file-stamped and signed August 24, 2020, ruling granting the motion to dismiss and the associated minute order.

### C. Subsequent Proceedings

Plaintiffs filed a motion for reconsideration on September 8, 2020.

Ten days later, the trial court signed another order dismissing the action with prejudice. Xu served and filed a "Notice of Entry of Order Dismissing Action with Prejudice" for that on September 22, 2020.

Wang nonetheless filed a supplemental declaration in support of her motion for reconsideration in early October 2020. On October 20, 2020, the trial court granted Xu's ex parte application to strike the supplemental declaration. Wang then filed a second supplemental declaration in support of the motion for reconsideration. On November 18, 2020, the trial court granted Xu's ex parte application to strike that second supplemental declaration too. The trial court then issued an order denying the motion for reconsideration on December 4, 2020.

Plaintiffs filed a notice of appeal that same day. The notice of appeal states plaintiffs were appealing: (1) the August 24, 2020, ruling granting the forum non conveniens motion to dismiss; (2) the August 24, 2020, minute order regarding the ruling on the motion to dismiss; (3) the September 18, 2020, order dismissing the action with prejudice; (4) the October 20, 2020, order striking Wang's supplemental declaration in support of the

4

motion for reconsideration; (5) the November 18, 2020, order striking Wang's second supplemental declaration in support of the motion for reconsideration; and (6) the December 4, 2020, ruling denying the motion for reconsideration.

In this court, Xu filed a motion to dismiss the appeal, arguing the notice of appeal was untimely. An opposition to the motion and a reply followed.

## II. DISCUSSION

By operation of statute, the trial court's signed order granting Xu's motion to dismiss on August 24, 2020, constituted a final judgment. Xu served a file-stamped copy of that judgment on plaintiffs three days later, thereby commencing the 60-day deadline to file a notice of appeal from the judgment. Plaintiffs did not file their notice of appeal until December 2020, well beyond the 60-day deadline, and plaintiffs' motion for reconsideration did not extend the deadline to appeal. Because none of the other orders from which plaintiffs noticed an appeal are independently appealable, we shall dismiss the appeal.

### A.    Background Law

"'Compliance with the time for filing a notice of appeal is mandatory and jurisdictional. [Citations.] If a notice of appeal is not timely, the appellate court must dismiss the appeal.'" (*Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 842 (*Ellis*); accord, *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504 ["If the appeal is untimely, this court has no jurisdiction to consider it, and it must be dismissed."]; Cal. Rules of Court, rule 8.104(b) ["If a notice of appeal is filed late, the reviewing court must dismiss the appeal."].)

5

Unless a statute or court rule provides otherwise, a notice of appeal must be filed on or before the earliest of: "(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment."  (Cal. Rules of Court, rule 8.104(a)(1).)

Regarding the appealability of a dismissal order, Code of Civil Procedure section 581d states, "A written dismissal of an action shall be entered in the clerk's register and is effective for all purposes when so entered.  [¶]  All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case."  (Code Civ. Proc., § 581d.)

### B.    *Plaintiffs' Appeal of the Judgment Is Untimely*

The August 24, 2020, ruling granting the motion to dismiss constituted a final judgment because it left no further issues to be adjudicated between the parties (see *Walton v. Mueller* (2009) 180 Cal.App.4th 161, 167) and satisfies the requirements of section 581d: it was an order granting a motion to dismiss the entire case, was in writing, was signed by the court, and was filed in the matter.  It was therefore an appealable judgment, as all parties agree.

6

California Rules of Court, rule 8.104(a)(1)(B) provides that the deadline to appeal is 60 days after either service of a "Notice of Entry" *or* service of a "filed-endorsed copy of the judgment, accompanied by proof of service . . . ." Xu served a notice of ruling that attached a file-stamped copy of the order granting the motion to dismiss and was accompanied by a proof of service. While plaintiffs are correct that the August 27, 2020, notice of ruling, alone, would not have satisfied rule 8.104(a)(1)(B) (e.g., *Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399; *20th Century Ins. Co. v. Superior Court* (1994) 28 Cal.App.4th 666, 671), the attachment of the file-stamped copy of the ruling itself did, and that was sufficient to commence the running of the 60-day deadline to appeal. That means the notice of appeal—filed well over three months later—is untimely.

Plaintiffs' reliance on *Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894 (*Alan*) to suggest Xu's service of the order was insufficient to trigger the running of the deadline is unpersuasive. As plaintiffs themselves acknowledge, *Alan* considered whether a clerk's mailing of a minute order without a document entitled "Notice of Entry" was sufficient to commence the running of the deadline. Our high court concluded it was not, emphasizing that the minute order was not file stamped. (*Id.* at 902.) The facts before us in this case are different, both because they involve service by a party (not a court clerk) and, more importantly, because Xu attached a file-stamped copy of the court's signed dismissal order to the notice of ruling. The holding

in *Alan* therefore does not compel a conclusion that there is a problem with service of the judgment here.[3]

No subsequent filings in the case extended or otherwise affected the unmet deadline to appeal. The filing of the motion for reconsideration had no effect because a motion for reconsideration of a judgment, as opposed to an order, does not extend the time for appeal. (*Ramon v. Aerospace Corp.* (1996) 50 Cal.App.4th 1233, 1236; *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1607-1608.) And, in any event, "entry of judgment divests the trial court of authority to rule on a motion for reconsideration." (*Safeco Ins. Co. v. Architectural Facades Unlimited, Inc.* (2005) 134 Cal.App.4th 1477, 1481-1482 (*Safeco*).) Further, the trial court's entry of a seemingly redundant order dismissing the case with prejudice in September 2020 does not affect the timeliness of plaintiffs' appeal either because that second judgment did not result in "'a substantial change in the

---

[3]     To the extent plaintiffs rely on *Alan* to contend service was deficient because the judgment was not served independently and was instead attached to the notice of ruling, *Alan* does not support that proposition. California Rules of Court, rule 8.104(a)(1)(B) (which applies to service by a party), unlike rule 8.104(a)(1)(A) (which applies to service by the clerk) expressly contemplates the inclusion of at least one additional document by providing the notice or copy of the judgment must be "accompanied by proof of service." (*Alan, supra*, 40 Cal.4th at 904 [differing language in two subdivisions of the rule led to different interpretation and requirements].) Furthermore, even the single-document rule contemplated by *Alan* may be satisfied by attaching one document to another. (*Id.* at 905 ["[o]bviously a document can have multiple pages"].)

rights of the parties . . . .'"[4]  (*Ellis*, *supra*, 235 Cal.App.4th at 842;
see also *City of Calexico v. Bergeson* (2021) 64 Cal.App.5th 180,
195.)

> C.    *The Post-Judgment Orders Are Not Separately*
>       *Appealable*

Having concluded plaintiffs' appeal of the August 24, 2020,
judgment was not timely, the rest of the orders designated in the
notice of appeal are not appealable either.

Motions for reconsideration are not separately appealable.
A litigant may appeal a ruling on a motion for reconsideration
only by appealing the underlying order.  (Code Civ. Proc., § 1008,
subd. (g) ["An order denying a motion for reconsideration . . . is
not separately appealable.  However, if the order that was the
subject of a motion for reconsideration is appealable, the denial of
the motion for reconsideration is reviewable as part of an appeal
from that order"].)  Because plaintiffs filed their motion for
reconsideration after the entry of judgment, the reconsideration

---

[4]     Even if we considered the September 2020 order dismissing
the case with prejudice as the operative final judgment in the
case, plaintiffs' appeal would still be untimely.  Xu served a
notice of entry of that order on September 22, 2020.  The trial
court had no jurisdiction to consider the pending motion for
reconsideration.  (*Safeco*, *supra*, 134 Cal.App.4th at 1481-1482;
see also *Kasper v. Cedars-Sinai Medical Center* (1998) 62
Cal.App.4th 780, 782-783 [entry of judgment is an implied denial
of a pending motion for reconsideration].)  An appeal of the
September 2020 judgment would accordingly have to have been
noticed in November to be timely, but plaintiffs' notice of appeal
was not filed until December 4, 2020.

9

ruling is a nonappealable order.  (*Reynolds v. City of Calistoga* (2014) 223 Cal.App.4th 865, 871 ["denial of [a] motion for reconsideration [is] not appealable but [is] reviewable on [a] timely appeal of the underlying order"]; *Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576 ["The majority of courts addressing the issue have concluded an order denying a motion for reconsideration is not appealable, even when based on new facts or law"].)

The only remaining orders identified in plaintiffs' notice of appeal, i.e. the two orders striking supplemental declarations submitted in connection with the motion for reconsideration, are similarly not independently appealable.  "Under [Code of Civil Procedure] section 904.1, subdivision (a)(2), an appeal may be taken from an order made after an appealable judgment.  Despite the broad language of section 904.1, subdivision (a)(2), not all postjudgment orders are appealable.  [Citation.]  To be appealable, a postjudgment order must satisfy two requirements: (1) the issues raised by the appeal from the order must be different from those arising out of the appeal from the judgment, and (2) the order must affect, enforce, or stay execution of the judgment.  [Citation.]"  (*SCC Acquisitions, Inc. v. Superior Court* (2015) 243 Cal.App.4th 741, 748.)  The declaration-striking orders concerned supplemental declarations plaintiffs submitted in support of their motion for reconsideration and the orders do not affect, enforce, or stay execution of the judgment.[5]

---

[5]     Indeed, it would be logically inconsistent for the declaration-striking orders to be independently appealable when the reconsideration order, as we have already explained, was not independently appealable itself.

10

DISPOSITION

The appeal is dismissed.  Xu is awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


RUBIN, P. J.


KIM, J.